In the Matter of the Application of PEDRO C. BLAS and AMANDA TORRES BLAS for initial registration of title to a parcel of land designated as Lot No. 2060 and Lot No. 2061, also known as a portion of Old Agana River, Lot No. 1248-3, 1248-4, 1248-5-2, Municipality of Agana, Territory of Guam

IGNACIO A. CRUZ and OLIVA T. CRUZ, Appellants

PEDRO C. BLAS, AMANDA TORRES BLAS and the GOVERNMENT OF GUAM, Appellees

Civil No. 39-A

District Court of Guam

Appellate Division

June 28, 1963

Counsel for Appellants: TURNER, BARRETT & FERENZ (HOWARD G. TRAPP, of counsel)

Counsel for Appellees: ARRIOLA, BOHN & GAYLE (J. C. ARRIOLA, of counsel)

Before SHRIVER, *Judge*, District Court of Guam; FURBER, *Chief Justice*, Trust Territory of the Pacific Islands and DUENAS, *Judge*, Island Court of Guam

PER CURIAM

OPINION

The above action was first heard in the Court below on a petition for registration of titles to land filed by the Appellees. Of the various parcels of land, of which titles were

sought to be registered by the appellees, appellants objected only to that small parcel designated as Lot No. 2061, also known as a portion of the Old Agana River.

Appellants in their counter-claim against plaintiffs (appellees), and in their cross-claim against the Government of Guam did not seek to have title to the land in question registered in their names, nor do they claim to be owners of said land. What appellants did seek was a dismissal of appellees' petition and a cancellation of a quitclaim deed issued by the Government of Guam to the Appellees covering the disputed lot.

Aside from the other contentions of appellants such as the alleged erroneous dismissal of the cross-claim against the Government and the alleged error on the part of the trial court in its failure to direct the entry of a final judgment upon appellants' cross-claim and the entry of a final judgment in favor of appellees upon their claim without making an express determination that there was no just reason for delay; appellants relied primarily upon the alleged error in the finding of the trial court that one of the appellants learned of the public hearing held by the Land Transfer Board at which hearing the application of the appellees for the acquisition of the disputed lot was then being considered.

Appellants contended that the failure of the Land Transfer Board to give notice to the appellants concerning the Board's meeting of April 16, 1959 wherein appellees' application for the purchase of the land in dispute was considered, was such as to make the ultimate conveyance of such disputed land to appellees void.

While the evidence as shown by the record might have been nebulous as to the actual delivery to appellant, Oliva T. Cruz, of the notice of hearing of the Land Transfer Board held on April 16, 1959, there is evidence to show that notice of the hearing was posted in at least two or three

different places in Agana and all the other municipalities in Guam.

Great weight was placed by the appellants upon the Land Transfer Board's non-compliance of the provisions of Paragraph 16, Rules and Regulations of the Land Transfer Board, approved by the Governor of Guam on December 29, 1951, which requires that a public notice of the Board's regular meeting be published in a newspaper of general circulation at least three (3) days prior to such regular meeting.

While it is borne by the evidence that the Land Transfer Board did not publish any notice of its April 16, 1959 meeting in a newspaper of general circulation, we are of the opinion that the Land Transfer Board was not derelict in its duty as such publication of notice of regular meeting in a newspaper of general circulation was no longer a requirement in 1959.

On August 9, 1956 by virtue of the enactment of Public Law 105, Third Guam Legislature, Section 13507, Title XIV, Government Code of Guam as enacted provides:

"Section 13507. Same: Same: Notice and Hearing Required: Consideration by the Board.
   (a) ...
   (b) ...
   (c) ... Notice to the public may be given by publication in a newspaper of general circulation in Guam or by posting in at least two public places in each village in Guam ...."

Appellants contended that Section 13507 did not supersede or repeal Paragraph 16 of the Rules and Regulations of the Land Transfer Board as approved in December 1951. It is appellants' contention that this section of the Government Code provides the Board with the authority to make notice to the public sufficient by merely posting a notice of meeting in two public places in each village in Guam if the Board should so provide. We do not adhere to

such contention, as in our opinion Section 13507, Title XIV, Government Code of Guam supersedes Paragraph 16 of the Land Transfer Board's Rules and Regulations of 1951.

We construe Section 13507(c) of the Government Code of Guam as it relates to giving of notice of the Board's regular meeting to the general public, to mean that the Land Transfer Board could give notice of its regular meeting to the general public in two different ways: The Board could have such notice of meeting published in a newspaper of general circulation. This publication would therefore preclude the necessity of posting the notice in at least two different places in each village in Guam. If the Board should decide that notice of meeting should be given to the general public by the posting of such notice in at least two different places in each village, then such would suffice and the publication in a newspaper of general circulation would not be necessary.

The posting of the notice of the Land Transfer Board's regular meeting of April 16, 1959, in two different places in each village in Guam properly satisfied the requirements of Section 13507 of the Government Code of Guam; hence the general public including the appellants herein were duly notified of the Board's regular meeting of April 16, 1959. We therefore hold that the appellants' contention that they did not have notice of the public hearing is untenable and should be disregarded. We further hold that the appellants' contention that the conveyance by the government to the appellees of the disputed lot is void, has no basis whatever and should be ignored.

We have also examined the record especially as it relates to appellants' other contentions on appeal and we find no merits on such contentions.

Since the evidence did show that the decree of registration was proper, we, therefore, affirm.